NOT FOR PUBLICATION                                    (Doc. No. 4)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

————————————————————      :
                                          :
EDNA M. BRATEK, DIANE M.                   :
DELUCA, LOIS L. SKOFF, and DAVID           :
L. STEINBERG,                             :
                                          :        Civil No. 11-3049 (RBK/KMW)
          Putative Class Action Plaintiffs, :
                                          :        **OPINION**
     v.                                   :
                                          :
TD BANK, N.A., and                        :
JOHN DOES 1-5 and 6-10,                    :
                                          :
          Defendants.                     :
————————————————————      :

**KUGLER**, United States District Judge:

This matter arises out of alleged age discrimination in employment at a TD Bank, N.A. call center in Burlington County, New Jersey. Presently before the court is the motion of TD Bank, N.A. ("Defendant") to dismiss claims brought by Edna M. Bratek, Diane M. Deluca, Lois L. Skoff, and David L. Steinberg ("Plaintiffs"). The Complaint alleges violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §10:5-1 et seq. Specifically, the Complaint alleges disparate impact and disparate treatment claims in violation of NJLAD, including both wrongful termination and reduction-in-force theories. Because Plaintiffs have failed to properly allege the elements of a prima facie case under either theory,[1] Defendant's motion is granted and Plaintiffs' Complaint is dismissed without prejudice.

---

1 The Court notes that Plaintiffs' Complaint misidentifies the well-established prima facie requirements for disparate treatment, as to both wrongful termination and reduction-in-force. Furthermore, Plaintiffs are admonished to use caution while citing cases in the future, ensuring the validity of case law.

## I.     BACKGROUND

Plaintiff Edna M. Bratek is a sixty-six-year-old female and had worked at the call center for twelve years before being terminated on July 8, 2009. Plaintiff Lois L. Skoff is a sixty-eight-year-old female and had worked at the call center for eleven years before being terminated on July 5, 2009. Plaintiff David L. Steinberg is a sixty-seven-year-old male and had worked at the call center for eight years before being terminated on April 29, 2010. Plaintiff Diane M. Deluca is a sixty-one- year-old-female and had worked at the call center for six years before being terminated on May 28, 2009. Compl. at ¶¶ 1-4, 15.  Plaintiffs were employed as Customer Service Representatives. Compl. at ¶ 8.

Plaintiffs allege that considerations of age were a motivating factor in their firings. Compl. at ¶ 16. Specifically, Plaintiffs claim that in comparison to the average age of Customer Service Representatives who could have been terminated, a disproportionate number of those actually terminated were older than forty. Compl. at ¶ 18. Additionally, Plaintiffs claim that where Defendant has been rehiring to fill the positions of those eliminated or has been hiring for other positions, the average age of those hired or rehired is substantially younger than the average age of the terminated Customer Service Representatives. Compl. at ¶ 19. Plaintiffs argue that these discriminatory actions occurred as a result of Defendant's disparate treatment agenda to reduce the overall age of Customer Service Representatives and/or because Defendant's facially neutral plan had a disproportionate impact on older employees. Compl. at ¶¶ 21, 22.

## II.     STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a three-part analysis is needed. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 129 S. Ct. at 1947). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. (quoting Iqbal, 129 S. Ct. at 1950). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 129 S. Ct. at 1950). This plausibility determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1949. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

## III.  DISCUSSION

Defendant argues that Plaintiffs have not set forth a plausible claim for relief and thus their claims should be dismissed. Specifically, Defendant argues the following: (1) Plaintiffs' factual allegations consist of almost solely conclusory statements; (2) Plaintiffs fail to allege sufficient facts to establish a prima facie case under a wrongful termination theory, as Plaintiffs have not pled that their job performance met Defendant's legitimate expectations, that Plaintiffs were actually replaced by someone sufficiently younger, or that Defendant had any

discriminatory animus against Plaintiffs; (3) Plaintiffs failed to allege sufficient facts to establish

a prima facie case for a reduction-in-force theory, as Plaintiffs did not allege that persons

retained were similarly situated; and (4) Plaintiffs failed to identify a specific facially neutral

employment practice that disproportionately impacted the Plaintiffs. Def.'s Motion to Dismiss

Compl. at 8-14.

Plaintiffs argue that their age discrimination claims should not be dismissed because (1)

the Complaint was sufficiently pled according to Rule 8 of the Federal Rules of Civil Procedure;

(2) Defendant has not offered any evidence from the face of the Complaint that the facts alleged

would not entitle Plaintiffs to relief; (3) Plaintiffs have pled sufficient facts to put Defendant on

notice of Plaintiffs' claims; and (4) Defendant's proffered reasons for Plaintiffs' termination are

pretextual. Pl.'s Br. In Opp'n to Def.'s Motion to Dismiss the Compl. at 5-9.

The NJLAD states, in pertinent part, that it is unlawful "[f]or an employer, because of the

. . . age . . . of any individual . . . to discharge or require to retire, unless justified by lawful

considerations other than age, from employment such individual . . . ." N.J.S.A. 10:5-12(a). The

NJLAD's goal is the "eradication of the cancer of discrimination." Zive v. Stanley Roberts, Inc.,

867 A.2d 1133, 1138 (N.J. 2005) (quoting Jackson v. Concord Co., 253 A.2d 793, 799 (N.J.

1969)). Because it is a remedial statute, it should be read broadly to achieve its aims. Zive, 867

A.2d at 446 (quoting Franek v. Tomahawk Lake Resort, 754 A.2d 1237, 1243 (N.J. Super. Ct.

App. Div. 2000)).

An employee may bring a suit for discrimination - intentional or otherwise - under either

a disparate treatment or disparate impact theory. Gerety v. Atl. City Hilton Casino Resort, 877

A.2d 1233, 1237 (N.J. 2005). A disparate treatment theory describes a situation where an

employer treats some individuals less favorably than others because of a protected characteristic,

such as race or age. Id. (citing Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 335 n.15, (1977)). Proof of the employer's discriminatory motive is required. Id. A disparate impact theory, on the other hand, describes a situation where an employment practice is facially neutral but has a disproportionate impact on a protected group. Id. Proof of a discriminatory motive is not required. Id. As Plaintiffs have pled both disparate treatment and disparate impact claims, each will be considered separately.

**A. Disparate Treatment**

Because it is often difficult to find direct proof of discrimination in alleged disparate treatment situations, New Jersey has adopted the procedural burden-shifting methodology articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). This framework allows a plaintiff to prove discrimination through circumstantial evidence. Zive, 867 A.2d at 1139. As the matter before the Court is based on circumstantial evidence, it must be evaluated under the McDonnell Douglas burden-shifting framework.

Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of discrimination. Id. Once established, an inference of discrimination is created and "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's action." Id. at 1140.  If the employer meets this requirement, the burden then shifts back to the plaintiff to demonstrate that "the reason articulated by the employer was merely a pretext for discrimination and not the true reason for the employment decision." Id.

In employment discrimination claims, it is the plaintiff that bears the burden of proving the elements of the prima facia case. Victor v. State, 4 A.3d 126, 140 (N.J. 2010). This constitutes a "rather modest" burden and is meant to "demonstrate to the court that plaintiff's

factual scenario is compatible with discriminatory intent." <u>Henry v. New Jersey Dept. of Human Services</u>, 9 A.3d 882, 889 (N.J. 2010); <u>Zive</u>, 867 A.2d at 1139. To determine whether a plaintiff meets this burden, the Court begins by looking for the elements of the applicable prima facie case. When evaluating the validity of a plaintiff's prima facie case, the court is to look solely at the evidence pled by the plaintiff, regardless of defendant's claims to the contrary. <u>Zive</u>, 867 A.2d at 1139.

There is no single prima facie case that applies to all employment discrimination claims, as the specific elements depend upon the particular cause of action. <u>Victor</u>, 4 A.3d at 1141. Plaintiffs have brought their disparate treatment case under both wrongful termination and reduction-in-force theories.

### 1. Wrongful Termination

In order to assert a prima facie case of age discrimination on the basis of wrongful termination under the NJLAD, a plaintiff must show that: (1) plaintiff was a member of a protected group; (2) plaintiff's job performance met the employer's legitimate expectations; (3) plaintiff was terminated; and (4) the employer replaced, or sought to replace, the plaintiff.  <u>Zive</u>, 867 A.2d at 1141; <u>Clowes v. Terminix Int'l, Inc.</u>, 538 A.2d 794, 805 (N.J. 1988).

The Court finds that the Complaint does not allege facts sufficient to constitute a plausible claim of wrongful termination under the NJLAD. The first and third elements of the prima facie case are easily established. The Complaint alleges that Plaintiffs were sixty-six, sixty-eight, sixty-seven, and sixty-one-years-old at the time their employment with Defendant was terminated. Compl. at ¶¶ 1-4.  Consequently, they were members of a protected class under the NJLAD, satisfying the necessary first element. Additionally, the Complaint alleges that

Plaintiffs were all fired, satisfying the third element required for establishment of the prima facie case. Compl. at ¶ 15.

The second element of the prima facie case, that plaintiff's job performance met the employer's legitimate expectations, simply requires that plaintiff allege that he or she was performing the job prior to the termination. See Zive, 867 A.2d at 1143 ("All that is necessary is that the plaintiff produce evidence showing that she was actually performing the job prior to the termination.").  Evidence to support such a claim may include plaintiff's "longevity in the position at issue" or testimony that plaintiff had been working "within the title from which she was terminated." Id. at 1144. As the New Jersey Supreme Court has explained, "[t]hat is not a heavy burden nor was it meant to be." Id. at 1143. Nevertheless, though it is not a heavy burden, the second element does have requirements. Simply stating that Plaintiffs were employed at Defendant's call center until their discriminatory discharge is not enough to meet this burden.[2] Compl. at ¶¶ 1-4. See Zive, 867 A.2d at 1144 ("Simple proof of continued employment is not enough.").

The fourth element of the prima facie case, that the employer replaced, or sought to replace, the plaintiff, "require[s] a showing that the plaintiff was replaced with 'a candidate sufficiently younger to permit an inference of age discrimination.'"  Bergen Commercial Bank v. Sisler, 723 A.2d 944, 957 (N.J. 1999) (citing Kelly v. Bally's Grand, Inc., 667 A.2d 355, 359 (N.J. Super. Ct. App. Div. 1995) (quoting Waldron v. SL Indus., Inc., 849 F. Supp. 996, 1001 (D.N.J. 1994)).  In their Complaint, Plaintiffs allege "the average age of those rehired, hired and of those who replaced terminated Customer Service Representatives was substantially younger

---

2 Plaintiffs also contend that the "natural implication of this fact [that Defendant's proffered reasons for their terminations were false and/or pretextual, Compl. ¶16] is that Plaintiffs were adequately performing their jobs . . . ." Pls.' Br. In Opp'n to Def.'s Motion to Dismiss the Compl. at 8. This, too, is not enough to meet the burden of the second element.

than the average age of Customer Service Representatives who departed." Compl. ¶ 19. This assertion is a legal conclusion and not a factual allegation. Plaintiffs did not allege whom they were replaced by, nor did they allege the age of their replacements. Simply contending that the average age of Defendant's recent hires is substantially younger than those terminated is insufficient. More detail is required to make plausible the inference of age discrimination.

Because Plaintiffs did not sufficiently plead that they were performing their job adequately, and did not plead that they were replaced by a specific candidate sufficiently younger to permit an inference of age discrimination, Plaintiffs have failed to establish a prima facie case for wrongful termination under the NJLAD.

### 2. Reduction in Force

In order to assert an age discrimination prima facie case on the basis of a reduction-in-force theory, a plaintiff must show that: (1) plaintiff was a member of a protected class; (2) plaintiff was qualified for the position at issue; (3) plaintiff suffered an adverse employment action; and (4) the employer retained an employee sufficiently younger than the plaintiff who was similarly situated. Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 301 (3d Cir. 2004); Anderson v. Consol. Rail Corp., 297 F.3d 242, 249 (3d Cir. 2002); Showalter v. University of Pittsburgh Med. Ctr., 190 F.3d 231, 234 (3d Cir.1999); Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497, 506 (3d Cir. 1996).

Much like Plaintiffs' claim of wrongful termination, this reduction-in-force claim easily establishes the first and third elements of the prima facie case, but struggles with the second and fourth elements. The Complaint alleges that Plaintiffs were sixty-six, sixty-eight, sixty-seven, and sixty-one years old at the time their employment with Defendant was terminated. Compl. at ¶¶ 1-4.  As explained above, they were members of a protected class under the NJLAD at the

time of their discharge, satisfying the first element necessary to make out a prima facie case. Additionally, the Complaint alleges that Plaintiffs were all fired, which constitutes an adverse employment action, and thus satisfies the third element of the prima facie case. Compl. at ¶ 15.

To satisfy the second prong, that Plaintiffs were qualified for the position, Plaintiffs must show that they were performing their jobs satisfactorily. Swider v. Ha-Lo Indus., Inc., 134 F. Supp. 2d 607, 622 (D.N.J. 2001). Nowhere in the Complaint do Plaintiffs allege that their job performance was satisfactory. Simply stating that Plaintiffs were employed at Defendant's call center is not enough to show that Plaintiffs were qualified for their positions.

To satisfy the fourth prong, that the employer retained a "sufficiently younger" employee who was similarly situated, there are two requirements a plaintiff must meet. First, the plaintiff must show that employees retained by the employer are sufficiently younger, so as to establish a logical reason to believe that the employer's decision to terminate the plaintiff rested on a legally forbidden ground. Monaco, 359 F.3d at 301 (quoting Sisler, 723 A.2d at 953). Second, the plaintiff must show the employees retained by the employer are similarly situated. A plaintiff may establish that others were similarly situated by looking to the "job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace." Id. at 305. Plaintiffs' Complaint is silent on the issue of whether those who were not "reduced" are similarly situated to Plaintiffs, and therefore is not sufficient to make out this sub-element of prong four.

Because Plaintiffs did not sufficiently plead that they were qualified for their jobs, nor did they sufficiently plead that those retained were similarly situated, Plaintiffs have failed to establish a reduction-in-force prima facie case of discrimination under the NJLAD.

### B. Disparate Impact

In addition to the disparate treatment claims, Plaintiffs have also pled, "in addition or in the alternative," a disparate impact claim.

The New Jersey Supreme Court has held that a disparate impact claim's requirements are based upon the requirements of federal law. Gerety v. Atlantic City Hilton Casino Resort, 877 A.2d 1233, 1238 (N.J. 2005) (citing Esposito v. Township of Edison,703 A.2d 674, 679 (N.J. Super. Ct. App. Div. 1997)). The requirements of a federal disparate impact claim are set forth in 42 U.S.C.A. § 2000e-2(k). Gerety, 877 A.2d at 1238. See Esposito, 703 A.2d at 679.

A disparate impact claim involves a three-step burden-shifting framework. First, plaintiff must establish a prima facie case by  "demonstrat[ing] that [the] application of a facially neutral standard has caused a 'significantly discriminatory hiring pattern.'" Newark Branch, NAACP v. City of Bayonne, 134 F.3d 113, 121 (3d Cir. 1998) (quoting Newark Branch, NAACP v. Town of Harrison, 940 F.2d 792, 798 (3d Cir.1991)). If the plaintiff meets this burden, the employer must then demonstrate that the practice is "job related for the position in question and consistent with business necessity." Town of Harrison, 940 F.2d at 798. See 42 U.S.C. § 2000e–2(k)(1)(A)(i). If the employer does so, the plaintiff can overcome the employer's defense by showing that an alternative practice would have been less discriminatory. Id. See 42 U.S.C. § 2000e–2(k)(1)(A)(ii), (C).

The Third Circuit has found that a plaintiff's prima facie burden for disparate impact claims is "heavier than it is when disparate treatment is alleged." Cherchi v. Mobil Oil Corp., 693 F. Supp. 156, 166 (D.N.J. 1988) aff'd, 865 F.2d 249 (3d Cir. 1988); Massarsky v. Gen. Motors Corp., 706 F.2d 111, 120 (3d Cir. 1983).

To sufficiently plead a disparate impact claim, a plaintiff must show that a facially neutral employment policy "resulted in a significantly disproportionate or adverse impact on members of the affected class." Gerety, 877 A.2d at 1238; United Prop. Owners Ass'n of Belmar v. Borough of Belmar, 777 A.2d 950 (N.J. Super. Ct. App. Div. 2001). This establishes a two-part requirement; plaintiff must point to a specific employment policy or practice, and must present proof that the employment policy or practice resulted in disproportionate impact on the protected class. Town of Harrison, 940 F.2d at 798, (quoting Wards Cove Packing Co., Inc. v. Atonio, 490 U.S. 642, 657 (1989)). To prove the second requirement, plaintiffs often use "statistics from which it may be inferred that the employer's employment practice significantly disadvantaged employees [in the protected class]." Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1259 (D.N.J. 1994) aff'd, 67 F.3d 291 (3d Cir. 1995); Cherchi 693 F. Supp. at 166.

The requirement of a specific employment practice can be met, for example, when an employment practice, such as the use of a qualifying examination, has a disproportionate impact upon a protected class. Massarky, 706 F.2d at 121. In this case, Plaintiffs state in their Complaint that "even if a series of decisions, plans and/or schemes were putatively 'facially neutral' and/or designed to be so, that there has been a disproportionate impact on older employees . . . ." Compl. at ¶ 22. However, Plaintiffs did not point to any specific employment policy or practice in their Complaint.

Accordingly, Plaintiffs have failed to establish a prima facie case for disparate impact under the NJLAD.

**IV. CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**.  An appropriate order shall enter today.


Dated:   2/22/2012                                        /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge