NOT FOR PUBLICATION (Document No. 17)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| EDNA M. BRATEK, DIANE M. DELUCA, LOIS L. SKOFF, and DAVID L. STEINBERG, | : : : : |
| Putative Class Action Plaintiffs, | : Civil No. 11-3049 (RBK/KMW) : |
| v. | : **OPINION** : |
| TD BANK, N.A., and JOHN DOES 1-5 and 6-10, | : : : |
| Defendants | : : |

**KUGLER**, United States District Judge:

This matter arises out of claims of age discrimination made by Edna Bratek, Diane Deluca, Lois Skoff, and David Steinberg (collectively, "Plaintiffs") against their former employer TD Bank, N.A. ("Defendant"). Currently before the Court is Defendant's motion to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted (Doc. No. 17). For the reasons stated herein, the Court finds that Plaintiffs have failed to plead properly the prima facie elements under the New Jersey Law Against Discrimination ("NJLAD") of a claim for "disparate treatment" discrimination based on a theory of wrongful termination. However, the Second Amended Complaint does allege facts in support of a disparate treatment claim based on a reduction-in-force theory that are sufficient to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, Defendant's motion will be denied.

## I. Factual Background and Procedural History

Plaintiffs were employed as customer service representatives at Defendant's call center in Burlington County, New Jersey. Between mid-2009 and 2010, all Plaintiffs, ranging in age from sixty-one to sixty-eight, had their positions terminated by Defendant. Second Amended Compl. ¶ 15.

In April 2011, Plaintiffs filed the instant lawsuit in New Jersey Superior Court. Their original complaint charged Defendant with violating the NJLAD by terminating Plaintiffs' employment based on considerations of age. Specifically, Plaintiffs alleged, in addition to other theories,[1] that they were fired because of Defendant's disparate treatment agenda to reduce the overall age of its customer service representatives. Compl. ¶ 27.

Defendant removed the case to this Court on the basis of federal diversity jurisdiction. *See* 28 U.S.C. § 1332 (2006). Thereafter, Defendant moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs' complaint failed to state a claim upon which relief could be granted. The Court granted the motion, finding, among other things, that Plaintiffs had not properly alleged the elements of a prima facie case under any disparate treatment theory of unlawful age discrimination. *Bratek v. TD Bank*, No. 11-3049, 2012 WL 603299 (D.N.J. Feb. 22, 2012). It granted Plaintiffs leave to file an amended complaint within fourteen days. Plaintiffs filed their Second Amended Complaint on March 6, 2012, and Defendant filed the instant motion to dismiss shortly thereafter.

## II. Discussion

---

[1] Plaintiffs asserted a separate count of age discrimination based on a "disparate impact" theory. The Court dismissed this claim as legally insufficient. *Bratek v. TD Bank*, No. 11-3049, 2012 WL 603299 (D.N.J. Feb. 22, 2012). Plaintiffs did not reassert this claim in their Second Amended Complaint and thus it will receive no further attention here.

In support of its motion, Defendant argues in essence that the allegations Plaintiffs added to their Second Amended Complaint do not remedy the pleading deficiencies observed by this Court in granting the motion to dismiss Plaintiffs' original Complaint. Thus, it is necessary to consider both the proper pleading standards for claims of age discrimination under the NJLAD, as well as the differences between Plaintiffs' original Complaint and the Second Amended Complaint.

In its earlier opinion, the Court discussed at some length the law governing both an age discrimination claim under the NJLAD in particular, and the so-called "plausibility pleading" standards under Fed. R. Civ. P. 12(b)(6) in general. *Bratek*, 2012 WL 603299 at \*\*1-5. A full recapitulation is not necessary here. It will suffice to say that in order to survive a motion to dismiss in the present context, the plaintiff's principal burden is to "demonstrate that he or she can meet each of the elements of the prima facie case" of whatever theory of age discrimination he or she chooses to assert. *Victor v. State*, 4 A.3d 126, 141 (N.J. 2010). This amounts to only a "rather modest" burden, one meant to "demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent." *Henry v. New Jersey Dept. of Human Serv.*, 9 A.3d 882, 889 (N.J. 2010).

There is no single prima facie case that applies to all employment discrimination claims. *Victor*, 4 A.3d at 141. Plaintiffs' Second Amended Complaint alleges age discrimination based on two disparate treatment theories: a wrongful termination theory and a reduction-in-force theory. In order to assert a prima facie case of age discrimination under the NJLAD on the basis of wrongful termination, a plaintiff must show that: (1) plaintiff was a member of a protected group; (2) plaintiff's job performance met the employer's legitimate expectations; (3) plaintiff was terminated; and (4) the employer replaced, or sought to replace, the plaintiff. *Zive v. Stanley*

3

*Roberts, Inc.*, 867 A.2d 1133, 1141 (N.J. 2005).  In order to make out a prima facie case on the basis of a reduction in force theory, a plaintiff must show that: (1) plaintiff was a member of a protected class; (2) plaintiff was qualified for the position at issue; (3) plaintiff suffered an adverse employment action; and (4) the employer retained an employee sufficiently younger than the plaintiff who was similarly situated.  *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300-01 (3d Cir. 2004).

When considering whether allegations in Plaintiffs' Second Amended Complaint establish the prima facie elements of these two theories of age discrimination, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III.  Analysis**

In its opinion granting Defendant's motion to dismiss Plaintiffs' original Complaint, the Court found that Plaintiffs had not established the second and fourth elements of the prima facie case for either the wrongful termination or reduction in force theories of age discrimination.  *Bratek*, 2012 WL 603299 at **5, 6.

Apparently responding to the Court's analysis, Plaintiffs' Second Amended Complaint includes three new paragraphs.  The first states that each named plaintiff was "performing to the reasonable expectation" of his or her employer at the time of each person's termination.  Second

Amended Compl. ¶¶ 15a-d.  Another lists the names and ages of persons who remained in Defendant's employ after Plaintiffs were terminated.  *Id.* at ¶19a.  The third addition states that Defendant has continued to hire Customer Service Representatives, the same position from which Plaintiffs were laid off.  *Id.* at ¶19b.

As an initial matter, despite Defendant's claim to the contrary, Paragraphs 15a through 15d of Plaintiffs' Second Amended Complaint are sufficient to satisfy the second element of the prima facie case for both the wrongful termination and the reduction-in-force theories of age discrimination under the NJLAD.  Thus, combined with other pleadings not in dispute, Plaintiffs have satisfied the first three elements of both claims.  *See Bratek*, 2012 WL 603299 at *5.  It is the fourth prima facie element for each theory which warrants further consideration.

Defendant asserts that Plaintiffs' wrongful termination claim remains deficient because Plaintiffs have still never alleged that they were *replaced* by anyone of a sufficiently younger age as to permit an inference that age was a factor in the termination decision.  Def.'s Br. in Support of Mot. to Dismiss 16.  The Court agrees: Plaintiffs still do not allege which individuals replaced them, nor do they allege the age of these replacements (if in fact they were replaced at all).  The failure to make such averments is fatal to Plaintiffs' wrongful termination claim.  Thus, Plaintiffs' Second Amended Complaint cannot survive on this basis.

Defendant argues that Plaintiffs' reduction-in-force claim is likewise defective. Defendant acknowledges that the Second Amended Complaint includes the names of eighteen customer service representatives under the age of forty who were retained by Defendant after Plaintiffs' employment was terminated.  But Defendant submits that this averment is legally insufficient in light of the size of the alleged class of plaintiffs.  That is, because Plaintiffs claim that the population of customer service representatives across the country affected by the

5

Defendant's alleged age discrimination is between "several hundred" and as much as "one thousand" people, offering the names of only eighteen individuals who were retained at an individual facility, Defendant contends, is "statistically irrelevant." Def.'s Br. in Support of Mot. to Dismiss 18; *see also id.* at 20-21 (arguing that the Second Amended Complaint is deficient in part because it alleges "that approximately 3% of the population retained was less than 40 years old, [but makes] no factual allegations about the age distribution of the other 97% employees [sic] who were retained").

Defendant offers no case law acknowledging the legal significance of this argument, and the Court is not inclined to create any at this juncture. It would pose a substantial hurdle indeed if a class action plaintiff, in order to survive a motion to dismiss in an age discrimination case under the NJLAD, needed to provide detailed personnel information about every one of his or her similarly situated co-workers. Such a requirement would not be in keeping with the admonishment by the New Jersey Supreme Court that a plaintiff's obligation to properly plead the elements of a prima facie case of employment discrimination should impose only a "rather modest" burden to demonstrate that the "plaintiff's factual scenario is *compatible with* discriminatory intent." *See Henry v. New Jersey Dept. of Human Serv.*, 9A.3d 882, 889 (N.J. 2010) (emphasis added). Instead, it will suffice for the present purposes that Plaintiffs have provided the names and approximate ages of several fellow customer service representatives whom Defendant retained and who are sufficiently younger than Plaintiffs as to permit an inference of age discrimination. Accordingly, Plaintiffs have met their primary burden of properly pleading the four elements of an age discrimination claim under the NJLAD based on a reduction in force theory of disparate treatment. Such is sufficient to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678.

**IV. Conclusion**

For the reasons stated above, Plaintiffs have failed to establish the elements of a prima facie case of age discrimination under the New Jersey Law Against Discrimination based on a wrongful termination theory of disparate treatment.  However, Plaintiffs have established the elements of a prima facie case of age discrimination based on a reduction in force theory of disparate treatment.  Thus, Defendant's motion to dismiss Plaintiffs' Second Amended Complaint will be denied.[2]  The Court will issue an appropriate order.


Dated:  11/5/12                                                        /s/ Robert B. Kugler
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge

---

[2] The Court recognizes that Defendant has also moved to strike the class action allegations of Plaintiffs' Second Amended Complaint.  The Court finds resolution of those issues at the motion to dismiss stage to be premature, and thus will deny without prejudice that aspect of Defendant's motion to dismiss.  The Court will be pleased to consider these arguments if and when Plaintiffs file for class certification.